# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Michael Williams,<br><br>    Petitioner,<br><br>v.<br><br>Jessica Symmes Benson, Warden,<br><br>    Respondent. | Case No. 11-cv-1837 (SRN/JSM)<br><br><br>**ORDER ADOPTING<br>REPORT AND RECOMENDATION** |

Michael Williams, <u>pro se</u>, #190665, Minnesota Correctional Facility—Oak Park Heights, 5329 Osgood Avenue North, Stillwater, Minnesota 55082, Petitioner.

Krista Jean Guinn Fink and Brent D. Wartner, Minnesota Department of Corrections, 1450 Energy Park Drive, Suite 200, St. Paul, MN 55108; Matthew Frank, Minnesota Attorney General's Office, 445 Minnesota Street, Suite 1800, St. Paul, MN 55101, on behalf of Respondent.

SUSAN RICHARD NELSON, United States District Judge

## I.     INTRODUCTION

This matter is before the undersigned United States District Court Judge for consideration of Petitioner Michael Williams' Objections (Doc. No. 18) to United States Magistrate Judge Janie S. Mayeron's June 27, 2012, Report and Recommendation ("R & R"). (Doc. No. 15.) The Magistrate Judge recommended denial of Petitioner's 28 U.S.C. § 2254 Amended Petition for a Writ of Habeas Corpus with prejudice, (Doc. No. 3), Motion Directing Respondent to Stop Interfering with Petitioner Submitting Legal Documents to the Court, (Doc. No. 10), Motion for Appointment of Counsel, (Doc. No. 11), and Request for a Certificate of Appealability. (Doc. No. 18.) For the reasons set forth below,

Petitioner's objections are overruled and the Court adopts the R & R in full.

## II. BACKGROUND

The factual and procedural background of Petitioner's case is documented in the Magistrate Judge's R & R and is incorporated herein by reference.[1] Briefly stated, on March 6, 1997, Petitioner was convicted of first-degree criminal sexual conduct and was committed to the custody of the Commissioner of Corrections for a 268-month sentence. (Affidavit of Krista Jean Guinn Fink ("Fink Aff."), Doc. No. 9, at App. A.3.) Petitioner is currently a prisoner at the Minnesota Correction Facility at Oak-Park Heights ("MCF-OPH"). (R & R, Doc. No. 15, at p. 1.)

On April 18, 2009, Officer Ryan Schill and Officer Nuehring were monitoring the food line at MCF-OPH and observed Petitioner engaging in misconduct. (Fink Aff., Doc. No. 9, at p. App. A.11) Officer Schill reported:

> Officer Nuehring went over to inform [Petitioner] that he could not go through the food line because he had a diet tray. [Petitioner] then stated, 'I still get seconds though.' Officer Nuehring told the [Petitioner] no he did not. [Petitioner] started to disagree with Officer Nuehring. Officer Nuehring then brought [Petitioner] to the bubble to show him the rule that was in question. Once Officer Nuehring and [Petitioner] were done at the bubble I observed [Petitioner] walk to the juice table. [Petitioner] began to converse with [another inmate]. As the two offenders were walking away from the juice table, I heard [Petitioner] state to [the other inmate] 'That CO needs an ass whooping.'

---

[1] The Court recites background facts only to the extent necessary to rule on Petitioner's objections. The R & R provides a more comprehensive description of the facts relevant to Petitioner's habeas petition. (See R & R. Doc. No. 15). Additionally, the opinions of other courts have detailed the facts of the underlying Petitioner's habeas petition. See, e.g., Williams v. Minn. Dep't of Corr., No. A10-448, 2010 WL 3397110, at *1 (Minn. Ct. App. Aug. 31, 2010).

(Id.)  Based on Officer Schill's report, Petitioner was charged on April 20, 2009, with violating Minnesota Department of Corrections' Offender Discipline Regulations that prohibit (1) abuse and harassment, (2) threatening others, and (3) disorderly conduct.  (Id. at App. A.11.)

On April 28, 2009, a disciplinary hearing was held on Petitioner's charges.  (Id. at App. A.12–13.)  Officer Schill testified that he had been monitoring the food line and overheard a conversation between Petitioner and another inmate after Officer Nuehring had informed Petitioner that his diet tray only entitled him to certain foods.  (Id. at App. A.13.)  Officer Schill testified that "[Petitioner] said, in a voice that was deliberately loud enough for both he and officer Nuehring, 'That CO needs an ass whooping.'"  (Id.)  In a written statement, Petitioner explained that in making that comment, he was not referring to Officer Nuehring, but rather another inmate.  (Id.)  Another inmate corroborated Petitioner's explanation of the incident.  (Id.)  At the hearing, Petitioner also introduced "a restraining order he attempted to take out agains [sic] officer Neuhring [sic], a letter from the Washington County Attorney's office informing him that he could not file a restring [sic] order with them, [and] a letter he [had written] to the Minnesota Legislature in 2005 about prison abuses and injustices."  (Id.)

The hearing officer determined that "[a] preponderance of the evidence indicates that a threatening statement was made, and that statement was directed toward and about officer Neuhring [sic]."  (Id.)  Petitioner was sentenced to 45 days of segregation for the abuse and harassment charge, and 45 days of segregation and 30 days of extended incarceration for the threatening others charge.  (Id.)  The disorderly conduct charge was dismissed.  (Id.)

3

A disciplinary hearing appeal was held on May 27, 2009. (Id. at App. A.14.) Petitioner alleged in his appeal that Officer Nuehring had been stalking him and "trying to establish a fake history of personal grudges." (Id.) Petitioner also alleged that he was not given a fair disciplinary hearing because the hearing officer was employed by the Minnesota Department of Corrections ("MDOC"). (Id.) The Warden, Jessica Symmes Benson, denied the appeal noting that his stalking argument was "quite absurd" because "the reporting officer, just like any other corrections officer that works in a correctional facility, and living unit, is going to be in close proximity to offenders." (Id.) The Warden also noted that "state and federal law have . . . upheld the Departments [sic] Due Process procedures, including the use of DOC and facility staff as Hearing Officers." (Id.)

In December 2009, Petitioner filed a petition for writ of habeas corpus in Washington County District Court. (Am. Pet. for Writ of Habeas Corpus, Doc. No. 3, at pp. 6–8; Fink Aff. at App. B.27–29.) On January 13, 2010, that court dismissed Petitioner's habeas petition with prejudice on the basis that it was frivolous or malicious because it had no arguable basis in law or fact. (Am. Pet. for Writ of Habeas Corpus, Doc. No. 3, at pp. 9–10; Fink Aff. at pp. App. B.31–32.) Petitioner appealed that ruling to the Minnesota Court of Appeals, which rejected all of his arguments and affirmed the extension of his supervised release date. Williams, 2010 WL 3397110, at *1. The Minnesota Supreme Court denied Petitioner's request for further review. Williams v. Minn. Dep't of Corr., No. A10-448, 2010 Minn. LEXIS 672, at *1 (Minn. Oct. 27, 2010).

Petitioner filed a new habeas petition in this Court alleging (1) the prison staff failed to assist him in preparing his defense; (2) he was not provided with an impartial fact finder;

4

(3) the convictions were not supported by the preponderance of evidence; (4) he was not provided an audiotape recording of the hearing by prison staff; (5) MDOC employees are not "neutral and detached" fact-finders; and (6) the state court's decision was based on an unreasonable determination of the facts. (Am. Pet. For Writ of Habeas Corpus, Doc. No. 3, at pp. 4–7.) Petitioner sought an evidentiary hearing and restoration of the 30 days of extended incarceration. (Id. at p. 8)

The Magistrate Judge recommended denial of Petitioner's habeas petition on all grounds. (R & R, Doc. No. 15, at pp.14–22.) Petitioner objects to all of the Magistrate Judge's recommendations. (Objections, Doc. No. 18, at pp. 1–10.) Petitioner also argues that the Magistrate Judge erroneously recommended denial of his Motion Directing Respondent to Stop Interfering with Petitioner Submitting Legal Documents to the Court, (Doc. No. 10), Motion for Appointment of Counsel, (Doc. No. 11), and request for a COA . (Objections, Doc. No. 18, at pp. 7–9).

### III.   DISCUSSION

#### A.   Standard of Review

The district court reviews de novo those portions of an R & R to which an objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); accord D. Minn. LR 72.2(b). "[I]f it plainly appears from the [habeas] petition . . . that the petitioner is not entitled to relief . . . the judge must dismiss the petition . . . ." Fed. R. Governing § 2254 Cases in the United States District Courts, Rule 4.

The Antiterrorism and Effective Death Penalty Act ("AEDPA") prescribes the standard of review for petitions requesting writs of habeas corpus made by prisoners in state custody.  The relevant portion of AEDPA is 28 U.S.C. § 2254(d), and it provides that:

> [A]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The clause "contrary to" means (1) that the state court reached a conclusion of law in opposition to the holdings of the United States Supreme Court or (2) failed to reach the same decision as the Supreme Court on a case with materially indistinguishable facts.  Williams v. Taylor, 529 U.S. 362, 405 (2000); accord Arnold v. Dormire, 675 F.3d 1082, 1085 (8th Cir. 2012).  The "unreasonable application" clause provides that even if the state court correctly identifies the relevant Supreme Court principle, a prisoner's writ may be granted if the state court applied the principle unreasonably to the facts of the case.  Williams, 529 U.S. at 407.  "A state court's application of clearly established federal law must be objectively unreasonable, and not merely incorrect, to warrant the granting of a writ of habeas corpus." Jackson v. Norris, 651 F.3d 923, 925 (8th Cir. 2011) (citations omitted).

A writ of habeas corpus is available as a remedy to a state prisoner only after the prisoner has exhausted available state court remedies. 28 U.S.C. § 2254(b)(1)(A); see also Banks v. Dretke, 540 U.S. 668, 690 (2004). State court factual findings are "presumed to be correct," and this presumption can be rebutted only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### B. Exhaustion

Respondent first argues that the Court should deny the petition because Petitioner did not exhaust his administrative remedies. Where a federal prisoner brings a petition for a writ of habeas corpus under 28 U.S.C. § 2241, courts generally require the prisoner to exhaust administrative remedies before considering the petition on its merits. Banks, 540 U.S. at 690. This rule is judicially created, and it is driven by prudential concerns such as efficiency and respect for prison administration. Lueth v. Beach, 498 F.3d 795, 797 n.3 (8th Cir. 2007). A failure to exhaust does not prevent a court from deciding the petition on its merits. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). The dismissal of a petition for failure to exhaust is made without prejudice so that the petitioner can re-file it after exhaustion. See United States v. Chappel, 208 F.3d 1069, 1069 (8th Cir. 2000).

The Magistrate Judge did not determine whether Petitioner had exhausted his remedies because the Magistrate Judge concluded that his habeas petition failed on the merits. While the Minnesota state courts were not presented with the constitutional issues raised in Petitioner's habeas petition and he therefore failed to exhaust his administrative

7

remedies at the time he filed his petition, dismissal would only decrease judicial efficiency. The Magistrate Judge thus correctly considered Petitioner's habeas claims on the merits.

### C. Objections

The Magistrate Judge correctly stated that each of Petitioner's allegations suggest that the MDOC hearing did not meet the Fourteenth Amendment's procedural due process requirements. A procedural due process claim is reviewed in two steps. Senty–Haugen v. Goodno, 462 F.3d 876, 886 (8th Cir. 2006). First, the court determines whether the petitioner was deprived of a protected liberty or property interest. Dover Elevator Co. v. Ark. State Univ., 64 F.3d 442, 445–46 (8th Cir.1995). A protected liberty or property interest may arise from either the Due Process Clause itself or state laws. Ky Dep't of Corr. v. Thompson, 490 U.S. 454, 460 (1989). Once a deprivation of a protected interest is established, "the next question is what process is due." See Williams v. Norris, 277 F. App'x 647, 648–49 (8th Cir. 2008) (citation omitted).

To satisfy the procedural due process requirements for prison discipline, Petitioner is entitled to: (1) written notice of the charges 24 hours before the disciplinary hearing; (2) the ability to call witnesses and present evidence if it will not jeopardize institutional safety or correctional goals; and (3) receipt of a written statement describing the basis for the disciplinary action by an impartial decisionmaker. Hrbek v. Nix, 12 F.3d 777, 780–81 (8th Cir. 1993) (citing Wolff v. McDonnell, 418 U.S. 539, 563–67 (1974)).

Due process also requires that there must be "some evidence" supporting the disciplinary determination. Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454–55 (1985). This is satisfied when some evidence exists from which the conclusion of the

8

administrative tribunal can be determined. United States ex rel. Vajtauer v. Comm'r of Immigration, 273 U.S. 103, 106 (1927).

### 1.     Right to Assistance of Prison Staff

Petitioner objects to the Magistrate Judge's conclusion that he was not entitled to assistance of the prison staff when preparing his defense. (Objections, Doc. No. 18, at p. 1.) The Magistrate Judge correctly stated that inmates are entitled to assistance from prison staff with a legal claim when the inmate is "illiterate. . . or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." Hudson v. Hedgepeth, 92 F.3d 748, 751 (8th Cir. 1996) (citing Wolff, 418 U.S. at 570).

The Magistrate Judge properly determined that Petitioner failed to show that he was entitled to assistance from prison staff in preparing his defense. Petitioner is not illiterate because he has submitted numerous handwritten pleadings in both state and federal courts. The charges alleged against Petitioner were that he violated MDOC regulations by stating that an officer deserved an "ass whooping.'" These charges were not complex enough to entitle him to assistance from prison staff in preparing his defense.

### 2.     Right to Impartial Fact-Finder

Petitioner objects to the Magistrate Judge's conclusion that he was provided an impartial fact-finder. (Objections, Doc. No. 18, at pp. 2, 4–7.)[2] Petitioner argues that the

---

[2]     Because Petitioner's claims that his disciplinary hearing officers were not "impartial" (Ground Two) or "neutral and detached" (Ground Five) involve essentially the same facts, the Court will analyze them together.

fact-finder presiding over his disciplinary proceeding misrepresented facts and stated that his documentary evidence was frivolous. (Id. at p. 2.) Petitioner also claims he was deprived of due process because the MDOC employees that served as hearing officers at his disciplinary hearings were not "neutral and detached" fact-finders. (Id. at pp. 4–7.) The Magistrate Judge recommended denial of Petitioner's allegation because "Petitioner was able to present his side of the story and present evidence prior to the finding of guilt" and "Petitioner presented no evidence to support his assertion that the hearing officer distorted the hearing findings to support his finding of guilt." (R & R, Doc. No. 15, at pp. 16–17.)

The Magistrate Judge properly recognized that due process requires an impartial decision-maker. Malek v. Camp, 822 F.2d 812, 816 (8th Cir. 1987). An analysis of a judicial-bias claim under the Due Process Clause starts with "a presumption of honesty and integrity in those serving as adjudicators." Withrow v. Larkin, 421 U.S. 35, 47 (1975); accord Gordon v. Hansen, 168 F.3d 1109, 1114 (8th Cir. 1999) ("Although the Due Process Clause requires a fair and impartial tribunal, we begin with a presumption that decision-makers are honest and impartial.") (internal quotation, citation, and alteration omitted)). Due process is satisfied as long as the fact-finder has not been involved in the investigation or prosecution of the particular case, or has had any other form of personal involvement in the case. See id. (citing Wolff, 418 U.S. at 592); see also McMaster v. Pung, 984 F.2d 948, 952 (8th Cir. 1993) (finding no factual basis for inmate's claim of bias, as no hearing officer involved in underlying event).

The Magistrate Judge properly concluded that Petitioner's hearing officers were impartial fact-finders. Petitioner has provided no evidence in the record that his hearing

officers were involved with the investigation or had personal involvement with the incident that led to his disciplinary hearings. The record demonstrates that the hearing officers' determinations were based on facts presented before them at the disciplinary hearings, including the testimony of Officer Schill.

### 3.     Conviction Not Supported by Any Evidence

Petitioner next contends that he was deprived of due process because his convictions for abuse and harassment and threatening others were not supported by any evidence. (Objections, Doc. No. 18, at pp. 2–3.) Petitioner alleges that the Magistrate Judge erred by using the "some evidence standard" to evaluate his conviction. (Id.) He contends that under Hamdi v. Rumsfeld, 542 U.S. 507, 537 (2004), the Court is required to review the hearing officer's determinations under a "preponderance of the evidence" standard.  (Id.) Petitioner also argues that even if the Magistrate Judge correctly utilized the "some evidence standard," the record evidence does not support his conviction. (Id.)

The Magistrate Judge correctly identified and used the "some evidence" in evaluating the sufficiency of the evidence against Petitioner. Flowers v. Anderson, 661 F.3d 977, 980 (8th Cir. 2011) (citations and quotations omitted). While the "some evidence" standard has been found to be improper where "a habeas petitioner has received no prior proceedings before any tribunal and had no prior opportunity to rebut the Executive's factual assertions before a neutral decisionmaker," Hamdi, 542 U.S. at 537, Petitioner here has received prior process. The Magistrate Judge applied the correct standard and recognized that the "some evidence" standard does not require courts to examine the entire record, independently assess the credibility of witnesses, or weigh the

11

evidence. Hill, 472 U.S. at 455–56; accord Goff v. Dailey, 991 F.2d 1437, 1442 (8th Cir. 1993). Rather, the court is merely required to determine whether there is any evidence in the record that could support the hearing officer's conclusion. Hill, 472 U.S. at 455–56.

The Magistrate Judge properly determined that Petitioner's conviction was supported by "some evidence." The Magistrate Judge correctly noted that Officer Schill's written report and his testimony at the disciplinary hearing regarding Petitioner's threat to Officer Nuehring provided "some evidence" supporting Petitioner's conviction.

### 4.      Right to Original Hearing Record

Petitioner next objects to the Magistrate Judge's recommendation that Petitioner received due process even though prison staff failed to give him an audiotape recording of his disciplinary hearing. (Objections, Doc. No. 18, at p. 4.) The Magistrate Judge correctly stated that due process requires that a hearing officer provide a written statement of findings, but that there is no right to an audio recording of a disciplinary hearing. Stanko v. Rios, No. 08-cv-3102, 2009 WL 1066021, at *8 (D. Minn. Apr. 20, 2009) aff'd, 366 F. App'x 706 (8th Cir. 2010) (citations omitted). Accordingly, the Magistrate Judge correctly found that no due process violation occurred when Petitioner was only given the hearing officer's written findings.

### 5.      Unreasonable Determination of Facts

Petitioner objects to the Magistrate Judge's conclusion that the state court's decision was not based on an unreasonable determination of the facts. (Objections, Doc. No. 18, at p. 7.) Petitioner claims that the state court erred in denying his habeas petition. (Id.)

A writ of habeas corpus may be available where the state courts' resolution of a

prisoner's criminal case is "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Habeas relief can therefore be granted if the conviction is based on findings of fact that could not be derived reasonably from the state court evidentiary record. See id. When reviewing a state court decision, however, "a federal court . . . presumes that the state court's factual determinations are correct," and such a presumption "may be rebutted only by clear and convincing evidence." Lee v. Gammon, 222 F.3d 441, 442 (8th Cir. 2000) (citing 28 U.S.C. § 2254(e)(1)).

The Magistrate Judge concluded that Petitioner had failed to show that he is entitled to habeas relief. (R & R, Doc. No. 15, at pp. 21–22.) After reviewing the evidence submitted by Petitioner in this action, the Court concludes that the Magistrate Judge correctly found that the decisions pertaining to the dismissal of Petitioner's state habeas petition were not based on an unreasonable determination of the facts.

### D. Motion to Order Respondents to Stop Interfering with Petitioner's Ability to Submit Legal Documents to the Court

Petitioner objects to the Magistrate Judge's recommendation that the Court deny as moot his Motion Directing the Respondents to Stop Interfering with Petitioner Submitting Legal Documents. (Objections, Doc. No. 18, at p. 8.) A controversy is moot when "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." L.A. Cnty. v. Davis, 440 U.S. 625, 631(1979) (citation and quotations omitted). The issues presented are no longer live when "there is no reasonable expectation . . . that the alleged violation will recur" and "interim relief or events have completely

and irrevocably eradicated the effects of the alleged violation." Id. (citations and quotations omitted). As the Magistrate Judge noted, the document Petitioner claims was withheld by Respondent was the Habeas Corpus Answer to Return. (See Pet'r's Mot. Directing Resp'ts to Stop Interfering with Pet'r Submitting Legal Docs., Doc. No. 10, at p. 1–2.) Petitioner filed an Answer to the Return on September 26, 2011, and the Magistrate Judge considered it. (Answer to Return, Doc. No. 14, at pp. 1–3.) Accordingly, the Magistrate Judge correctly found that Petitioner's motion should be denied as moot.

### E. Motion for Appointment of Counsel

Petitioner objects to the Magistrate Judge's denial of his Motion for Appointment of Counsel. (Objections, Doc. No. 18, at pp. 8–9.) The Magistrate Judge correctly identified the proper standard governing whether the Court should appoint counsel. A pro se litigant does not have a constitutional or statutory right to counsel in civil cases, including habeas corpus proceedings. Pa. v. Finley, 481 U.S. 551, 556 (1987); accord Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). Instead, the appointment of counsel in such cases is a matter committed to the discretion of the trial court. McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997). In determining whether to appoint counsel in a case involving non-frivolous claims, the Court considers the legal and factual complexity of the case, Petitioner's ability to investigate and present his claims, and any other relevant factors. Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994).

Here, Petitioner has filed numerous pleadings and motions, demonstrating that he has the ability to articulate and present his claims. The facts of this case are not so complex as

14

to warrant the appointment of counsel.  The Court finds, therefore, that the Magistrate Judge properly concluded that the interests of justice do not require appointment of counsel.

### F.     Certificate of Appealability

The Magistrate Judge denied Petitioner's request for a COA because it was unlikely that any other court, including the Eighth Circuit Court of Appeals, would decide Petitioner's claims any differently than they have been decided here.  (R & R, Doc. No. 15, at pp. 25–26.)  Petitioner objected to the Magistrate Judge's recommendation without citing any reason why the Magistrate Judge improperly denied his request for a COA. (Objections, Doc. No. 18, at p. 9.)

A state prisoner may not appeal the denial of a 28 U.S.C. § 2254 habeas petition unless he is granted a COA.  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  To obtain a COA, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Such a showing requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000). A COA will not necessarily be granted simply because an appeal is pursued in good faith and raises a non-frivolous issue.  Flieger v. Delo,  16 F.3d 878, 882–83 (8th Cir. 1994), cert. denied, 513 U.S. 946 (1994).  Instead, the prisoner must satisfy a higher standard; he must show that the issues to be raised on appeal are "debatable among reasonable jurists," that different courts "could resolve the issues differently," or that the issues otherwise "deserve further proceedings." Id.; see also Lozada v. Deeds, 498 U.S. 430, 432 (1991).

The Magistrate Judge correctly determined that it is unlikely that another court

15

would decide Petitioner's claims any differently than they have been decided here. Petitioner has not identified and the Court cannot discern anything novel or noteworthy about this case that warrants appellate review.

**THEREFORE, IT IS HEREBY ORDERED THAT:**

1. Petitioner's Objections (Doc. No. 18) to the Magistrate Judge's June 27, 2012, R & R (Doc. No. 15) are **OVERRULED**;

2. The Magistrate Judge's R & R (Doc. No. 15) is **ADOPTED**;

3. Petitioner's Motion Directing the Respondents to Stop Interfering with Petitioner Submitting Legal Documents (Doc. No. 10) is **DENIED**;

4. Petitioner's request for an evidentiary hearing is **DENIED**;

5. Petitioner's Motion for Appointment of Counsel (Doc. No. 11) is **DENIED**;

6. Petitioner's Amended Petition for a Writ of Habeas Corpus by a Person in State Custody Pursuant to 28 U.S.C. § 2254 (Doc. No. 3) is **DENIED**;

7. This action is **DISMISSED with prejudice**; and

8. A Certificate of Appealability is **NOT GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 26, 2012         s/Susan Richard Nelson
                                  SUSAN RICHARD NELSON
                                  United States District Judge